[Cite as *State v. Dunbar*, 2017-Ohio-4365.]

IN THE COURT OF APPEALS

TWELFTH APPELLATE DISTRICT OF OHIO

BUTLER COUNTY

| | | |
|---|---|---|
| STATE OF OHIO, | : | |
| Plaintiff-Appellee, | : | CASE NO. CA2016-08-165 |
| | : | O P I N I O N |
| - vs - | | 6/19/2017 |
| | : | |
| MARTY A. DUNBAR, | : | |
| Defendant-Appellant. | : | |

CRIMINAL APPEAL FROM HAMILTON MUNICIPAL COURT
Case No. 16 CRB 02744-A

Neal D. Schuett, Hamilton City Prosecutor, 345 High Street, 2nd Floor, Hamilton, Ohio 45011, for plaintiff-appellee

Christopher P. Frederick, 300 High Street, Suite 550, Hamilton, Ohio 45011, for defendant-appellant

**RINGLAND, J.**

{¶ 1} Defendant-appellant, Marty Dunbar, appeals his conviction in the Hamilton Municipal Court. For the reasons detailed below, we affirm.

{¶ 2} Dunbar was charged with assault, in violation of R.C. 2903.13(A), a first-degree misdemeanor. The matter was tried to the bench. The only testimony presented was from the victim and Dunbar. Following the close of evidence, the trial court found Dunbar guilty of

assault.

{¶ 3} The record reflects that on July 9, 2016, Dunbar was at L.M.'s apartment. L.M. is the victim's mother and Dunbar's ex-girlfriend. At some point an altercation occurred between L.M. and Dunbar. L.M.'s 16-year-old daughter, D.C., was present in the apartment, bathing her younger brother, when she heard Dunbar arguing with L.M. Concerned, D.C. went to the living room to separate the two.

{¶ 4} L.M. asked Dunbar to leave immediately, but he first demanded the return of his personal effects. Eventually, the altercation became physical. D.C. testified that Dunbar attempted to strike her with a closed fist, but she was able to avoid the punch without being struck. D.C. stated:

> D.C.: Like he was trying to hit me and - -
>
> * * *
> PROSECUTOR: Can you describe how he moved?
>
> D.C.: Like he raised his hand and tried to hit me but I moved out of the way and like - -
>
> PROSECUTOR: Did he extend his arm?
>
> D.C.: Yes, sir.
>
> PROSECUTOR: And did he have an open hand or a closed fist?
>
> D.C.: Closed.

Thereafter, D.C. testified Dunbar tried to push her and the two got into a shoving match until L.M. called the police. The altercation apparently concluded when police arrived.

{¶ 5} Dunbar generally corroborated the account of the evening and the altercation. Specifically, Dunbar stated that he refused to leave the apartment because he wanted to gather his personal effects. Dunbar admits some physical interaction, but denies that he swung at D.C. and testified that he was just trying to defend himself. Dunbar also testified that he "would never hit a woman."

{¶ 6} The trial court found D.C.'s testimony to be more credible and found Dunbar guilty of assault. Dunbar now appeals the decision of the trial court, raising a single assignment of error for review:

{¶ 7} MR. DUNBAR'S CONVICTION WAS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE.

{¶ 8} In his sole assignment of error, Dunbar argues that his conviction is against the manifest weight of the evidence. We disagree.

{¶ 9} A manifest weight challenge scrutinizes the proclivity of the greater amount of credible evidence, offered at a trial, to support one side of the issue over another. *State v. Barnett*, 12th Dist. Butler No. CA2011-09-177, 2012-Ohio-2372, ¶ 14. In assessing whether a conviction is against the manifest weight of the evidence, a reviewing court examines the entire record, weighs the evidence and all reasonable inferences, considers the credibility of the witnesses, and determines whether, in resolving conflicts in the evidence, the trier of fact clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered. *State v. Morgan*, 12th Dist. Butler Nos. CA2013-08-146 and CA2013-08-147, 2014-Ohio-2472, ¶ 34.

{¶ 10} Dunbar was convicted of assault in violation of R.C. 2903.13(A), which states that "[n]o person shall knowingly cause or attempt to cause physical harm to another * * *." Whoever violates this section is guilty of a first-degree misdemeanor. R.C. 2903.13(C)(1).

{¶ 11} In light of the evidence presented, we find the trial court did not err by finding Dunbar guilty of assault. This case came down to the credibility of the witnesses. The state presented the testimony of the victim who testified that she had an altercation with Dunbar and he had attempted to punch her with a closed fist. Although Dunbar offered a conflicting account and stated that he "would never hit a woman," the trial court, as trier of fact, was in the best position to weigh the credibility of the witnesses. Following the presentation of all

evidence, the trial court found D.C. to be more credible than Dunbar. As such, we find the trial court's verdict was supported by the weight of the evidence. Accordingly, Dunbar's sole assignment of error is overruled.

{¶ 12} Judgment affirmed.

HENDRICKSON, P.J., and PIPER, J., concur.